**663 A.2d 642**

NEW JERSEY DISTRICT KIWANIS INTERNATIONAL,
PLAINTIFF–RESPONDENT, v. MAHENDRA A.
GANDHI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted July 12, 1995—Decided August 1, 1995.

Before Judges DREIER and LANDAU.

*Mahendra A. Gandhi,* appellant *pro se.*

*Russell H. Hulsizer,* attorney for respondent.

The opinion of the court was delivered by

LANDAU, J.A.D.

Defendant Mahendra A. Gandhi appeals from a judgment of the Law Division, Special Civil Part, which ordered that he pay to plaintiff New Jersey District Kiwanis International (Kiwanis) the sum of $675 plus interest and costs.

Kiwanis is a charitable and educational not-for-profit corporation which, among other activities, operates "Key Clubs" in high schools throughout the United States whose scholastic members are selected by school administrators, and who perform special

school and community projects in coordination with the respective high school principals.

Defendant's minor son, a Key Club member in Union High School, attended the 1993 annual convention, held in New Orleans. Preconditions for such attendance were parental execution of medical authorization forms, and advance payment of a $675 charge that included air fares, hotel accommodations and food.

Defendant signed the medical forms. His minor son, who had a checking account, issued his own check to plaintiff to cover the advance payment. When presented for payment following rendition of performance by plaintiff, it was twice dishonored. Defendant's son was sent home from New Orleans with chaperon, for violating Key Club rules of conduct during the convention. He then returned to New Orleans, almost immediately, on his own.

Plaintiff looked to defendant for satisfaction of the unpaid costs incurred by defendant's son. Defendant disclaimed any legal responsibility. He takes issue with plaintiff's decision to return the minor to New Jersey, and urges that he is not responsible for his son's dishonored check or for plaintiff's failure to present the check for payment within thirty days. The latter, he contends, constitutes a statutory discharge of the drawer from liability under *N.J.S.A.* 12A:3–503(2)(a).[1] Liability was not founded, however, on defendant's responsibility for the bad check but on principles of "simple justice" and equitable obligations arising out of the unique facts before the trial judge.

Defendant also argues that the trip provided by plaintiff was not a necessity for which a parent can be held responsible. Upon review of the record, we are satisfied that this argument was adequately addressed in the written opinion of Judge Dietz

---

[1] A payee's failure to present within thirty days does not constitute discharge of the drawer's obligation to the payee except where *N.J.S.A.* 12A:3–502(1)(b) is implicated. *See N.J.S.A.* 12A:3–501(1), (2).

dated October 31, 1994, and that the judgment under review should be affirmed substantially for the reasons set forth therein.

We add that plaintiff's exercise of judgment in returning defendant's son to New Jersey, despite defendant's unwillingness to cooperate in that endeavor, offers no basis for excusing defendant's obligation to reimburse plaintiff. Sending the minor home was clearly dictated by considerations of his safety and of other high school students attending the convention who might well have been placed at risk. Defendant's fourteen year old son was discovered to have rented an auto and to be driving it while in New Orleans.

We note further that in addition to the educational nexus here present, defendant's awareness of his son's Key Club convention attendance, and his execution of the medical authorizations, distinguishes this case from those in which a minor may run up frivolous charges unknown to the parent. Thus in addition to the parent's contract implied in law to defray the cost of necessities, there is here some basis for finding a contract implied in fact. *See Greenspan v. Slate*, 12 *N.J.* 426, 432, 97 *A.*2d 390 (1953).

Affirmed.